```
                   UNITED STATES DISTRICT COURT
                   EASTERN DISTRICT OF KENTUCKY
                     CENTRAL DIVISION at LEXINGTON
```

UNITED STATES OF AMERICA,    )
                             )
    Plaintiff,               )
                             )           Civil Case No.
v.                           )           5:17-cv-498-JMH
                             )
NATISHA R. BARNES and UNKNOWN )           **ORDER**
SPOUSE OF NATISHA R. BARNES,  )
and KENTUCKY HOUSING          )
CORPORATION,                  )
                             )
    Defendants.

                              ***

This matter is before the Court upon the United States' Application for Issuance and Appointment of Warning Order Attorney. [DE 8]. The Court having considered the Motion, and being otherwise sufficiently advised,

**IT IS HEREBY ORDERED AND ADJUDGED** as follows:

1. Pursuant to Rules 4(e)(1) and 4(g) of the Federal Rules of Civil Procedure and Rules 4.05, 4.06, 4.07 and 4.08 of the Kentucky Rules of Civil Procedure, the following, a practicing attorney in good standing with this Court, is hereby appointed Warning Order Attorney for **Natisha R. Barnes**:

    Rachel Diane Yavelak

    120 N. Mill St., Suite 300

    Lexingont, Kentucky 40507

2. The Warning Order Attorney must make diligent efforts to inform said Defendant, by mail, concerning the pendency and nature of this mortgage foreclosure action against the Defendant; and must report the results of the Warning Order Attorney's efforts to the Court within 50 days from the date of entry of this order. The Warning Order Attorney shall provide a copy of the report to counsel of record for the United States. Failure to timely file the report absent good cause may be punished as a contempt of court. In connection with his or her efforts to notify the Defendant, the Warning Order Attorney is authorized to incur reasonable expenses such as postage, expenses attendant to public records searches, expenses attendant to on-line locator services, and telephone charges. The Warning Order Attorney is not authorized to incur, without leave of Court, extraordinary expenses such as newspaper advertisement charges and private investigator fees.

3. If the Warning Order Attorney cannot inform the Defendant concerning this action, he or she shall so report to the Court and shall then make a defense by answer if the Warning Order Attorney can. If unable to make a defense, the Warning Order Attorney shall so report.

4. If the Warning Order Attorney knows or learns that Defendant is an unmarried infant or of unsound mind or otherwise under a legal disability, such information shall be included in the Warning Order Attorney's report; and upon the filing of such

report the Warning Order Attorney shall become the Guardian ad Litem for such Defendant as if appointed pursuant to Rule 17(c) of the Federal Rules of Civil Procedure and Rules 17.03 and 17.04 of the Kentucky Rules of Civil Procedure.

    5.  The United States' cause of action herein is for the foreclosure of the government's mortgage lien(s) on the subject real property. The Plaintiff's motion for entry of this order sets forth the property's address and said Defendant's address last known to the United States. Upon receipt of its copy of this order from the Court Clerk, the Plaintiff's attorney shall cause to be delivered, by mail or by electronic means, to the Warning Order Attorney's office the following: a copy of the Complaint, a copy of the Plaintiff's motion for this order, and a copy of this order.

    6. At the time of the filing of the report, the Warning Order Attorney may also file a motion and affidavit for payment of the warning order attorney fees and expenses. The Court will award the Warning Order Attorney the customary fee for such services as well as reasonable expenses. The Warning Order Attorney's fee and expenses shall be taxed as costs herein.

    7. Whereas Plaintiff's payment policies for said Warning Order Attorney's fees and expenses require, on average, sixty (60) days for payment. In the event that the above appointed Warning Order Attorney has objection to said payment schedule, he/she should move the Court for an Order withdrawing from this case

within ten (10) days of entry hereof. Otherwise, he/she shall be deemed subject to Plaintiff's payment schedule.

This the 27th day of March, 2018.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge